GAZES LLC
32 Avenue of the Americas
New York, New York 10013
(212) 765-9000 (Phone)
(212) 765-9675 (Fax)
Ian Gazes, Esq.
*Proposed Attorneys for Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                          :         Case No. 10-15322 (REG)
                                               :
James Irvin Giddings,                          :
                                               :         Chapter 7
                        Debtor.                :
---------------------------------------------------------x

## APPLICATION IN SUPPORT OF ORDER AUTHORIZING THE RETENTION OF GAZES LLC AS COUNSEL TO THE CHAPTER 7 TRUSTEE

TO:   THE HONORABLE ROBERT E. GERBER
      UNITED STATES BANKRUPTCY JUDGE

Ian J. Gazes, as chapter 7 Trustee (the "Applicant" or "Trustee") of the estate (the "Estate") of James Irvin Giddings (the "Debtor"), and a member of Gazes LLC (the "Firm"), hereby submits this Application (the "Application") in support of his request for the entry of an order, substantially in the form of Exhibit A, pursuant to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") authorizing and empowering the Trustee to retain the Firm as counsel to the Trustee, effective as of October 27, 2010.

### I.  SUMMARY OF RELIEF REQUESTED

1.     Applicant seeks the entry of an order of this Court, pursuant to 11 U.S.C. §§ 327(a) and (d), Fed. R. Bankr. P. 2014 and Local Bankruptcy Rule 2014-1, authorizing and empowering the Trustee to retain the Firm as general counsel for the Trustee, effective as of October 27, 2010. The Trustee believes retention of the Firm is necessary to assist him in investigating the financial

affairs of the Debtor including but not limited to the turnover of certain funds held on behalf of the Debtor by Gibraltar Private Bank & Trust.

## II. JURISDICTION, VENUE AND STATUTORY PREDICATE FOR RELIEF

2.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a), (b)(1), and 1334(b), and the standing referral Order of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).  Consideration of this Application is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A).  The statutory provisions governing the relief requested in this Application are section 327(a) and (d) of the Bankruptcy Code, 11 U.S.C. §§ 327(a) and (d), Rule 2014 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 2014, and Local Bankruptcy Rule 2014-1.

3.      Venue of this case and this Application in this district is proper under 28 U.S.C. § 1408.

## III. BACKGROUND

4.      On October 12, 2010 (the "Petition Date"), the Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code.

5.      On or about October 13, 2010, the United States Trustee appointed the Trustee to serve as interim trustee in the case.  The Trustee now serves as the permanent trustee pursuant to 11 U.S.C. §702(d).

## IV. RELIEF SOUGHT

6.      The Trustee has determined that it would be in the best interest of the Estate to retain counsel.  The Trustee has selected the Firm to be counsel to the Trustee and requests that this Court enter an order authorizing the retention of the Firm as attorneys for the Trustee as of

2

October 27, 2010 pursuant to section 327(a) and (d) of the Bankruptcy Code. 11 U.S.C. §§ 327(a) and (d).

  7.  A Trustee may retain his firm to act as the Trustee's counsel pursuant to section 327(d) of the Bankruptcy Code, which states:

> The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate.

  8.  Section 327(d) of the Bankruptcy Code is primarily designed to prevent an unscrupulous attorney from retaining himself and taking liberties in billing the estate for services rendered, knowing that there is no independent trustee to review his claim. See In re: SonicBlue, Inc., 2007 U.S. Dist. Lexis 86553, *11 (N.D. Cal. 2007) ("If the trustee wishes to appoint his own law firm, however, the court must find that doing so would be 'in the best interest of the estate.'") (quoting 11 U.S.C. 327(d)); In re Butler Industries, Inc., 114 B.R. 695, 698 (Bankr. C.D. Cal. 1990), appeal dismissed on other grounds. ("The history of this related section of the Bankruptcy Code reflects the legislature's desire to avoid unnecessary expense which is not in the best interest of the estate, and acknowledges the potential for unnecessary expense when a law firm of which the trustee is a member is appointed."); See also In re Alexander, 129 B.R. 183, 185 (Bankr. D. Min. 1991) (Purpose of Section 327 of the Bankruptcy Code is to ensure that no conflict of interest arises as a result of such employment.); In re Abraham, 163 B.R. 772, 780 (Bankr. W.D. Tex.1994) (same); See also In re Michigan Interstate Railway Company, Inc., 32 B.R. 325 (Bankr. E.D. Mich.1983) (Court denied retention when attorneys were not specialists in bankruptcy reorganization).

## V.  QUALIFICATIONS OF THE FIRM

9.      The Firm is comprised of attorneys who are duly admitted to practice law before the bar of this Court.

10.     The Firm's concentration is in the area of debtors' and creditors' rights, its attorneys possess experience in the bankruptcy arena, and it is respectfully submitted that it is fully qualified to perform the services to be rendered for the estate.

11.     The Firm represents and has represented chapter 7 trustees, debtors and creditors in chapter 7 and 11 cases, and Ian J. Gazes is a panel Trustee for the Southern District of New York.

12.     Applicant believes that the Firm is qualified to act as counsel to the Trustee in connection with all legal matters concerning the Estate.

13.     Applicant believes that the Firm's retention is in the best interest of the Estate in light of the need to investigate the financial affairs of the Debtor on behalf of the estate.  In particular, retention of the Firm is necessary to assist the Trustee in effectuating the turnover of certain funds held on behalf of the Debtor by Gibraltar Private Bank & Trust.  The Trustee submits that the retention sought herein, if approved, would enable the estate to be administered in an expeditious and economical fashion, which will be in the best interests of the estate, its creditors and other parties in interest.

14.     The Firm intends to work closely with the Trustee and any other professionals the Trustee has or may retain in this case to ensure that there is no unnecessary duplication of services performed or charged to the Estate.

15.     The Firm will charge for services rendered to the Trustee at the Firm's standard hourly rates plus expenses, <u>provided</u>, <u>however</u>, that travel time shall be billed at one half the hour rates.  The Firm will make application for payment of fees and reimbursement of expenses as set

4

forth herein pursuant to the terms and provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and United States Trustee Guidelines pertaining to the payment of retained professionals. The Firm will maintain detailed records describing the services rendered on behalf of the Trustee. The customary current standard hourly rates charged by the Firm for the services to be rendered to the Trustee are as follows:

| | |
|---|---|
| Members and Counsel | $375 - $ 750 per hour |
| Paraprofessional Staff | $205 per hour |

In the event that the Firm determines to raise its rates and such increase in rates will be applicable in this case the Firm will promptly notify the court and the United States Trustee in writing.

    16.  To the best of the Trustee's knowledge and belief, the Firm and the employees of the Firm do not hold or represent any interest adverse to the estate or creditors by reason of the retention sought herein and have no connection with the Debtor, his creditors or any other parties in interest or their respective attorneys in this matter, except that Ian J. Gazes, a member of the Firm, is the chapter 7 Trustee of the Debtor's bankruptcy case. An affirmation (the "Affirmation") of disinterest executed by Ian J. Gazes is annexed hereto as Exhibit "B." Based on the Affirmation, the Trustee believes that the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code. 11 U.S.C. § 101(14).

    17. Therefore, Applicant respectfully submits (i) that the Firm is qualified to act as counsel under 11 U.S.C. §§ 327(a) and (d), (ii) that such retention is in the "best interest" of the estate, (iii) that the Firm is a "disinterested person" except as disclosed in the Affirmation, and (iv) that the Firm does not hold or represent an interest adverse to the estate.

5

**WHEREFORE**, the Trustee respectfully requests entry of an order of this Court (a) authorizing the Trustee to retain the Firm as general counsel to the Trustee under a general retainer, effective as of October 27, 2010; and (b) granting such further relief as this Court may deem just and proper.

Dated: New York, New York
November 3, 2010

GAZES LLC
Proposed Counsel to the Chapter 7 Trustee

By: ____/s/ Ian J. Gazes_____
Ian J. Gazes, Chapter 7 Trustee
32 Avenue of the Americas, 27th Floor
New York, New York 10013
(212) 765-9000