1

**Gabriel Del Virginia, Esq. (GDV-4951)**
**LAW OFFICES OF GABRIEL DEL VIRGINIA**
 *Attorneys for the Debtor.*
488 Madison Avenue-19th Floor,
New York, New York 10022.
Telephone: 212-371-5478
Facsimile: 212-371-0460
gabriel.delvirginia@verizon.net

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------X
In re
                                                Chapter 7
James Irvin Giddings,

      Debtor.                    Case No. 10-15322-reg

---------------------------------X

**DEBTOR'S MOTION PURSUANT TO**
**SECTIONS 305 and 707 OF THE BANKRUPTCY CODE**
**FOR AN ORDER DISMISSING THE DEBTOR'S**
**<u>CHAPTER 7 CASE.</u>**

**TO HONORABLE ROBERT E. GERBER,**
**UNITED STATES BANKRUPTCY JUDGE:**

   James Irvin Giddings, the debtor (the "Debtor"), by his attorneys, the Law Offices of Gabriel Del Virginia, bring this Motion (the "Motion", or "Motion to Dismiss"), pursuant to section 707 (a) of title 11 of the United States Code (the "Bankruptcy Code"), to dismiss the Debtor's Chapter 7 proceeding or, in the alternative, pursuant to section 305 to voluntarily abstain from the Debtor's bankruptcy.  In support of the Motion, the Debtor states as follows:

<u>**PRELIMINARY STATEMENT.**</u>

   The instant filing was, in large part due, to the Debtor's

2

inability to pay a disputed judgment creditor, Clear Channel Outdoor Inc ("CCO"). The Debtor has reached an agreement resolving the dispute with CCO. Importantly, the money used in resolving the dispute will not come from the Debtor's estate and, as such will not prejudice the remaining creditors (the "Remaining Creditors"). The Remaining Creditors that are currently owed money will be paid in the ordinary course of business. The creditors who are potentially owed money as a result of the Guarantee will be in the same situation that they contracted for as result of the dismissal. Importantly, all of the Remaining Creditors failed to timely file a proof of claim and, as such, they can no longer receive distribution from property of the estate. The Remaining Creditors will be in a better position because their debt will not be discharged. Finally, the Debtor believes that if the case is not dismissed, CCO may very well commence further litigation against the Debtor in this Court. Thus, dismissal is in the best interests of creditors and the Debtor and dismissal would further enhance judicial economy.

## BACKGROUND.

1. The Debtor filed the above-captioned Chapter 7 petition (the "Petition") on October 12, 2010.

2. The Debtor is the president of Go Outdoor Media Corporation, Go Outdoor Media, LLC (collectively, "Go"). The Debtor is Go's president.

3

3. In 2000, CCO purchased several outdoor advertising locations from Go. As a result of the termination of certain leases of the outdoor advertising locations, CCO sought a reduction of the purchase price. Despite Go's effort to replace the terminated leases, CCO was not satisfied with the proposed replacements.

4. In 2009, CCO sued instituted a lawsuit ("State Court Action") against the Debtor and Go in the Supreme Court for the State of New York ("State Court").

5. On June 11, 2010, the State Court awarded CCO the sum of $896,246.20 (the "Judgment"), plus 9% per annum interest until the date of payment.

6. The Debtor has reached a proposed settlement agreement ("Proposed Settlement Agreement") resolving all claims that CCO has against the Debtor. Proposed Settlement attached as Exhibit A.

### **PROPOSED SETTLEMENT AGREEMENT**[1]

7. Pursuant to the Proposed Settlement Agreement, within five (5) business days after the Parties have executed the Proposed Settlement Agreement, Mr. Giddings will file the Motion to Dismiss .

If the Motion to Dismiss is not filed within five (5) business days of the execution of this Agreement, CCO shall have the right, in its discretion, to a) file the Motion to Dismiss on the Debtor's behalf; b) cancel this Agreement; or c) wait for the Debtor to file the Motion to Dismiss.  If CCO cancels this Agreement, the Parties

---

[1] For more detailed information regarding its contents, interested parties

4

shall have the same rights as if the Court denied the Motion to Dismiss.

8. No less than three (3) calendar days before the date scheduled by this Court to hear the Motion to Dismiss, the Debtor shall wire Four Hundred and Twenty Five Thousand U.S. Dollars ($425,000.00) (the "Settlement Amount") to RZG Law PLLC. RZG Law shall hold the Settlement Amount in its escrow non-interest bearing account until this Court enters an order granting the Motion to Dismiss ("Dismissal Order") and the 14 day appeal period following the Dismissal Order has run.

9. In the event this Court denies the Motion to Dismiss, the Proposed Settlement Agreement shall be deemed null and void and RZG Law shall return the Settlement Payment.

**DISMISSAL IS IN THE BEST INTEREST OF THE CREDITORS.**

10. An analysis of the Debtor's schedules demonstrates that dismissal is in the creditors' best interests. All of the creditors listed on the schedules hold unsecured non priority claims. The schedules reveal that here are no creditors that are entitled to any priority. CCO was the only party that filed a proof of claim.

---

should consult the Proposed Settlement Agreement.

5

11.    CCO the largest creditor will benefit by the dismissal. This is demonstrated by the Proposed Settlement. If the case is not dismissed, the debt to CCO way well be discharged. Moreover, the dismissal alleviates the need of potential litigation. The Debtor has provided CCO with extensive discovery pursuant to an Order Directing 2004 Examinations and Production of Documents. ECF # 34. Thus, it is in CCO's best interest to settle.

12.    The Court established the bar date in case as May 17, 2011.   ECF # 28. The only creditor to files a proof of claim was CCO. All of the Remaining Creditors would be subordinated to the claims of CCO. *See* 11 U.S.C. § 726(a). Based on the size of the CCO claim and the value of the Debtor's estate, the Remaining Creditors are hardly in an enviable position to receive distribution from the Debtor's estate.

13.    The Remaining Creditors will benefit from the Dismissal. The Debtor's estate has a value of approximately $51,980.93, of which $ 19,144.00 are listed as exempt. The administrative priority claims of 11 U.S.C. § 503 are expected to be approximately $30,000.00. Finally, after the distribution to CCO, the Remaining Creditors would not likely receive any distribution in a chapter 7 liquidation.

14.    Additionally, the two other judgment creditors will benefit from the dismissal. After dismissal these creditors'

6

positions will be enhanced. While pursuant to 11 U.S.C. § 544, unperfected judgment creditors do not enjoy any superiority over general unsecured non priority creditors, under New York law, judgment creditors enjoy priority over general unsecured creditors.

15. Dismissal will benefit all creditors because if the case is not dismissed, the debt owed to them may be discharged.

16. The Falkenberg Group, LLC, Lowenstein Sandler PC and Gibraltar Private Bank will be in the same position that it contracted for after the dismissal. The Debtor believes that he will be able honor these obligations in the ordinary course of business. Finally, the Debtor believes that the Falkenberg Group, LLC, Lowenstein Sandler PC and Gibraltar Private Bank wish to continue to do business with the Debtor without the complications of the bankruptcy filing.

## DISMISSAL PURSUANT TO SECTION 707

17. Section 707 in the relevant part states :

> (a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including--
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
>
> (3) failure of the debtor in a voluntary case to file, within fifteen days …

11 U.S.C. § 707.

7

18. Section 707(a) of the Bankruptcy Code provides that the court can dismiss a chapter 7 case for "cause". "Although this section does not expressly provide that a chapter 7 debtor can dismiss her case, courts have found that chapter 7 debtors may move for voluntary dismissal under this section." *In re Turpen,* 244 B.R. 431, 434 (8th Cir. BAP 2000).

19. The factors that courts consider in granting a motion to dismiss favor dismissal.

> (1) whether all of the creditors have consented(*The creditors have not objected.*);
>
> (2) whether the debtor is acting in good faith(*As demonstrated, the dismissal of the case is in the creditors best interests.*);
>
> (3) whether dismissal would result in an prejudicial delay in payment(*As discussed, the Remaining Creditors will be paid in the ordinary course of business and as such will not suffer prejudicial delay.*);
>
> (4) whether dismissal would result in a reordering of priorities;
>
> (5) whether there is another proceeding through which the payment of claims can be handled (*While the Debtor intends to resolve all matters consensually; if a disagreement arises, such matters are generally resolved in state courts.*) ; and
>
> (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending(*There are no objections pending*).

*In re Turpen,* 244 B.R. 431, 434 (8th Cir. BAP 2000).

## **DISMISSAL PURSUANT TO SECTION 305**

20. 11 U.S.C. § 305 Section 305 in the Relevant part states:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in

8

>> a case under this title, at any time if
>
>> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension.

11 U.S.C. §§305(a)(1).

21. The plain meaning of the statute and case law in the Second Circuit support that the Court should dismiss whereby the all creditors including administrative creditors would be paid in full.

22. "[T]here is no need to invoke the machinery of the bankruptcy process if there is an alternative means of achieving the equitable distribution of assets. The bankruptcy court may abstain if it is in the best interests of the creditors and the debtor that it do so." *In re Michael S. Starbuck, Inc.* 14 B.R. 134, 135 (Bankr. S.D.N.Y., 1981). (*See In re Dearborn Mfg. Corp.*, 92 F.2d 417, 418 (2d Cir. 1937) (goal of liquidation is to provide for the equitable distribution of the insolvent's assets).

23. A recent Ninth Circuit Bankruptcy Appellate decision noted that, "[l]ogically, it seems apparent that Congress wanted to encourage out-of-court cooperation and other resolution of creditors' claims and thus declined to impose any monetary sanctions or attorney's fees under the many iterations of a § 305(a) dismissal, when that result is determined to be, simply, in the best interests of both creditors and the debtor." *In re Macke Intern. Trade, Inc.* 370 B.R. 236, 258 (9th Cir.BAP 2007).

9

24.    Courts in the Second Circuit have analyzed abstention base on the factor listed in *In re 801 South Wells Street Ltd. Partnership* 192 B.R.718,723 (Bankr.N.D.Ill.,1996)). *See In re RCM Global Long Term Capital* 200 B.R. 514, 525 (Bankr.S.D.N.Y.1996); *In re Paper I Partners, L.P.* 283 B.R. 661, 679 (Bankr.S.D.N.Y.2002) and *In re Mountain Dairies, Inc.* 372 B.R. 623, 635 -636 (Bankr.S.D.N.Y.2007).

25.    Courts consider the following factors:

> (1) economy and efficiency of administration;
>
> (2) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court;
>
> (3) whether federal proceedings are necessary to reach a just and equitable solution;
>
> (4) whether there is an alternative means of achieving an equitable distribution of assets;
>
> (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case
>
> (6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and
>
> (7) the purpose for which bankruptcy jurisdiction has been sought.

*In re Paper I Partners, L.P.* 283 B.R. 661, 679 (Bankr.S.D.N.Y. 2002) (Citing *In re 801 South Wells Street Ltd. Partnership 192* B.R. 718,723 (Bankr.N.D.Ill. 1996)).

26.    In the instant case, all of the aforementioned factors in *Paper*, which are applicable, favor dismissal.

10

(1) Economy and efficiency of administration: *(The Proposed Settlement promotes judicial economy and efficiency.)*

(2) Whether another forum is available to protect the interests of both parties: *(State courts are available to protect the Debtor's and the creditors' interests.)*

(3) Whether federal proceedings are necessary to reach a just and equitable solution: *(The Proposed Settlement represents a just and equitable solution and, as such, federal proceedings are not necessary to reach a just and equitable solution).*

(4) Whether there is an alternative means of achieving an equitable distribution of assets: *(As discussed ante, the out-of-court proceeding represents an equitable and efficient distribution of assets.)*

(5) Whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case: *(The Proposed Settlement is less expensive and, as discussed, serves both the Debtor's and the creditor's interests in the case.)*

11

**WHEREFORE,** the Debtor respectfully requests that this Court dismiss this Chapter 7 proceeding pursuant to section 707 or, in the alternative, pursuant to section 305 to voluntarily abstain from the Debtor's bankruptcy case and grant such other and further relief as this Court deems just and proper.

Dated:                    New York, New York
                          December 27, 2011

**Respectfully submitted,**


                                    **LAW OFFICES OF GABRIEL DEL VIRGINIA**
                                    *Attorneys for the Debtor*

                                    By: */s/ Gabriel Del Virginia*
                                    Gabriel Del Virginia (GDV-4951)
                                    488 Madison Avenue, 19th Floor
                                    New York, New York 10022
                                    Telephone: 212-371-5478
                                    Facsimile: 212-371-0460
                                    *gabriel.delvirginia@verizon.net*