# Exhibit A

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT, dated December 21, 2011, is made by and between Clear Channel Outdoor, Inc. ("Judgment Creditor" or "CCO") and James Irvin Giddings IV, Go Outdoor Media Corporation, and Go Outdoor Media, LLC ("Judgment Debtors" or "Mr. Giddings" "Go Corp." and "Go LLC") together (the "Parties"):

WHEREAS, a judgment was entered in favor of Judgment Creditor and against Judgment Debtors on June 11, 2010, for the sum of $896,246.20, plus 9% per annum until the date of payment (the "Judgment") in an action filed in the Supreme Court, County of New York, between CCO as plaintiff and Mr. Giddings, Go Corp. and Go LLC, as defendants;

WHEREAS, on October 12, 2010, Mr. Giddings filed for Bankruptcy under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Action"), which stayed all actions against Mr. Giddings concerning the Judgment;

WHEREAS, the Claims Register as prepared by the clerk of the Court reveals that no creditors have filed a proof of claim in this case except for the Judgment Creditor and the bar date for filing claims has already passed;

WHEREAS the Parties have determined that, rather than litigate payment of the Judgment, it is mutually beneficial for the Parties to resolve their disputes concerning the Judgment Debtors' ability to satisfy the Judgment by settlement, as provided for in this Settlement Agreement.

NOW, THEREFORE, in consideration of the mutual agreements, promises and representations contained in this Settlement Agreement (also the "Agreement"), the Parties agree as follows:

1. <u>Bankruptcy Dismissal</u>. Within five (5) business days after the Parties have executed this Settlement Agreement, Mr. Giddings will file for a dismissal of his Bankruptcy Action in the form of the document annexed hereto as Exhibit A ("Motion to Dismiss"). If the Motion to Dismiss is not filed within five (5) business days of the execution of this Agreement, CCO shall have the right, in its discretion, to a) file the Motion to Dismiss on the Debtor's behalf; b) cancel this Agreement; or c) wait for the Debtor to file the Motion to Dismiss. If CCO cancels this Agreement, the Parties shall have the same rights as if the Court denied the Motion to Dismiss, as set forth in provision 4 herein.

2. <u>Settlement payments</u>. No less than three (3) calendar days before the date scheduled by the Court to hear the Motion to Dismiss, the Debtor shall wire Four Hundred and Twenty Five Thousand U.S. Dollars ($425,000.00) (the "Settlement Amount") to RZG Law PLLC. RZG Law shall hold the Settlement Amount in its escrow non-interest bearing account until the Bankruptcy Court enters an order granting the Motion to Dismiss ("Dismissal Order") and the 14 day appeal period following the Dismissal Order has run without notice of any Substantive Third Party Appeal (as subsequently defined) being filed (the "Effective Date").

3. <u>Waiver of Appeal</u>. The Parties to this Agreement explicitly waive any right they may have to appeal a Dismissal Order made pursuant to the terms of this Agreement and the

1

Pg 3 of 6

Motion to Dismiss attached hereto. Any Party that violates this provision shall be required to pay reasonable legal costs of any appellees to the appeal. An appeal by the Case Trustee, Ian Gazes, or any of the professionals working for him, regarding any claim they may have against Mr. Giddings, or concerning any application they may make for fees, expenses, reimbursement, and/or commissions ("Trustee Appeal") shall in no way impact payments to be made under this agreement. Notice of an appeal filed within 14 days of a Dismissal Order by an individual or entity not party to this Agreement, except for a Trustee Appeal ("Substantive Third Party Appeal") shall render this agreement null and void pursuant to the terms of provision 4.

4. Termination of Agreement. In the event the Bankruptcy Court denies the Motion to Dismiss, or notice of a Substantive Third Party Appeal of the Dismissal Order is filed within 14 days of its entry, (a) this Agreement shall be deemed null and void and RZG Law shall return the Settlement Payment to the Debtor c/o Debtor's counsel of record; (b) the Parties shall not be deemed to have waived any right or to have settled any controversy between them and CCO will not in any way be prejudiced from pursuing the Judgment, or any claims it may have against the Judgment Debtors; (c) the Parties shall be restored to their respective positions immediately before execution of this Agreement; (d) neither this Agreement nor any exhibit, document, or instrument delivered hereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Agreement, shall be (i) deemed to be or construed as an admission by any party herein of any act, matter, proposition, or merit or lack of merit of any claim or defense, or (ii) referred to or used in any manner or for any purpose in any subsequent proceeding or in any other action in any court or in any other proceeding; and (e) all negotiations, proceedings, and statements made in connection with the negotiation of this Agreement (i) shall be without prejudice to any person or party herein, (ii) shall not be deemed as or construed to be an admission by any party herein of any act, matter, proposition, or merit or lack of merit of any claim or defense, and (iii) shall not be offered in evidence in this or any other action or proceeding, except in connection with this Agreement or the enforcement thereof.

5. Dismissal. Within fifteen (15) calendar days of the Effective Date, CCO agrees to file a Satisfaction of Judgment in the Supreme Court of the State of New York, County of New York in the form annexed hereto as Exhibit B.

6. Release of Mr. Giddings, Go Media and Go LLC by CCO. As of the Effective Date, and in consideration of the payments, covenants, promises, releases and agreements provided for in this Settlement Agreement, the receipt and sufficiency of which are hereby acknowledged, CCO, for itself and on behalf of its parents, subsidiaries, affiliates, shareholders, partners, directors, officers, employees, beneficiaries, principals, agents, attorneys, representatives, predecessors, successors and assigns, and the heirs, administrators, executors and assigns of any of the foregoing individuals or entities (the "CCO Releasors"), hereby release and discharge Mr. Giddings, Go Corp., Go LLC and all of their parents, subsidiaries and affiliates, and all of their shareholders, partners, directors, officers, employees, beneficiaries, agents, attorneys, representatives, predecessors, successors and assigns, and the heirs, administrators, executors and assigns of any of the foregoing individuals or entitites (the "Giddings Releasees"), from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, liens, executions, claims, and demands whatsoever, in law, admiralty or equity (collectively, "Claims"), which CCO or any other CCO Releasor had, now have or

hereafter can, shall or may have, against Mr. Giddings or any other Giddings Releasees, arising out of or in any way relating or pertaining to the Judgment. Notwithstanding anything herein to the contrary, this release shall not apply to a subsequent bankruptcy or insolvency proceeding, and shall not be effective should CCO ever be ordered to return any portion of any funds paid pursuant to this Agreement.

7. Release of CCO by Mr. Giddings, Go Corp and Go LLC. As of the Effective Date, and in consideration of the payments, covenants, promises, releases and agreements provided for in this Settlement Agreement, the receipt and sufficiency of which are hereby acknowledged, Mr. Giddings, Go Corp, and Go LLC, as well as their parents, subsidiaries and affiliates, and all of their shareholders, partners, directors, officers, employees, beneficiaries, agents, attorneys, representatives, predecessors, successors and assigns, and the heirs, administrators, executors and assigns of any of the foregoing individuals or entitites (the "Giddings Releasors"), hereby release and discharge CCO and all of its parents, subsidiaries and affiliates, and all of their shareholders, partners, directors, officers, employees, beneficiaries, agents, attorneys, representatives, predecessors, successors and assigns, and the heirs, administrators, executors and assigns of any of the foregoing individuals or entitites (the "CCO Releasees"), from any and all Claims which Mr. Giddings or the Giddings Releasors had, now have or hereafter can, shall or may have, against CCO or any other CCO Releasee, arising out of or in any way relating to the Judgment.

8. Entire agreement. This Settlement Agreement reflects the entire agreement and understanding among the Parties, and no statements, promises or inducements by any of the Parties or any representative thereof shall be valid or binding unless they are contained in this Settlement Agreement. This Settlement Agreement fully supersedes and replaces any and all alleged or actual prior agreements or understandings between the Parties.

9. Governing law; jurisdiction. This Settlement Agreement shall be interpreted, enforced and governed by the laws of the State of New York (without regard to the conflict of laws principles applied by the Courts of the State of New York) in Federal or State court within the State of New York.

10. Execution. This Settlement Agreement may be executed in two or more counterparts, which together shall constitute one and the same agreement. E-mailed and faxed signed copies shall be sufficient to constitute a binding agreement.

11. Waiver of Escrow Agent Liability. All Parties hereto explicitly waive any claims that could be brought against RZG Law PLLC (and R. Zachary Gelber), as escrow agent, but for intentional misconduct.

12. Representations. Mr. Giddings explicitly represents that he has access to sufficient funds to make the payments required of him hereunder, and that no such payment will render him unable to pay his liabilities as they come due. He further acknowledges that this provision is a material inducement to CCO entering into this Agreement.

3

CLEAR CHANNEL OUTDOOR, INC.

By: _[signature]_  EVP + GC

JAMES IRVIN GIDDINGS IV

By: _____

GO OUTDOOR MEDIA CORP.

By: _____

GO OUTDOOR MEDIA LLC

By: _____

4

CLEAR CHANNEL OUTDOOR, INC.

By: _____

JAMES IRVIN GIDDINGS IV

By: _____/s/_____

GO OUTDOOR MEDIA CORP.

By: _____/s/_____

GO OUTDOOR MEDIA LLC

By: _____/s/_____

4