GAZES LLC
151 Hudson Street
New York, New York 10013
(212) 765-9000 (Phone)
(212) 765-9675 (Fax)
Ian Gazes, Esq.
David Dinoso, Esq.
*Attorneys for Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re                                              :            Case No. 10-15322 (REG)
                                                   :
James Irvin Giddings,                              :
                                                   :                      Chapter 7
                            Debtor.                :
---------------------------------------------------------x

**POSITION OF CHAPTER 7 TRUSTEE REGARDING DEBTOR'S MOTION
PURSUANT TO SECTIONS 305 AND 707 OF THE BANKRUPTCY CODE FOR AN
ORDER DISMSSING THE DEBTOR'S CHAPTER 7 CASE**

**TO:   THE HONORABLE ROBERT E. GERBER
        UNITED STATES BANKRUPTCY JUDGE**

Ian J. Gazes, as chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of James

Irvin Giddings (the "Debtor"), hereby submits this statement and limited opposition to the

Debtor's motion (the "Motion") pursuant to sections 305 and 707 of title 11 of the United States

Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") for an order dismissing the Debtor's

bankruptcy case.

**I.  SUMMARY OF TRUSTEE'S POSITION**

1.       The Trustee has no objection to the Debtor's request for voluntary dismissal

provided such dismissal is conditioned on payment of the Chapter 7 Fees (hereinafter defined).

## II. BACKGROUND

2.      On October 12, 2010 (the "Petition Date"), the Debtor filed a petition for relief

under chapter 7 of the Bankruptcy Code.

3.      On or about October 13, 2010, the United States Trustee appointed the Trustee to

serve as interim trustee in the case.  The Trustee now serves as the permanent trustee pursuant to

Bankruptcy Code section 702(d). 11 U.S.C. §702(d).

4.      On November 9, 2010, the Court entered an order authoring the Trustee's

retention of Gazes LLC ("Gazes") as his attorneys [ECF Doc. No. 15].

5.      November 29, 2010, the Court entered an order authoring the Trustee's retention

of Zucker & Associates, P.C. ("Zucker") as his accountants [ECF Doc. No. 20].

6.      On October 25, 2010 the Debtor files his Schedules of Liabilities A through J and

Statement of Financial Affairs [ECF Doc. Nos. 10 and 11].

7.      At the request of the Trustee, the Debtor and the Trustee together with the United

States Trustee (the "UST") have executed several stipulations extending the Trustee's and UST's

time to object to the Debtor's discharge each of which have been approved by this Court. The

last Stipulation extends the discharge objection date to January 30, 2012, which so-ordered by

the Court and entered on the docket on November 28, 2011 (ECF Doc. No.52).

8.      At the request of the Trustee, the clerk of the Court noticed this case as an asset

case pursuant to Notice of Possible Dividend dated February 16, 2011 [ECF Doc. No. 28]. The

last day to file claims in this case was set for May 17, 2011.

9.      On Schedules B and C, the Debtor listed assets of $51,980.93 and exemptions of

$19,144.00.  Of the schedule assets, $23,100.00 relates to the Debtor's interests in "Fidelity

Education Custodial Account". The Debtor also lists interests in three (3) entities known as GSL Realty Corp., Go Outdoor Media Corp. and Go Outdoor Media LLC with "unknown" values.

10.      The Debtor did not schedule any priority or secured creditors on Schedules D and E and listed on Schedule F general unsecured claims in the aggregate amount of $2,003,780.46. Of the liabilities scheduled on Schedule F, Clear Channel Outdoor Inc. ("CCO") is scheduled at $907,737.80 and the only other significant creditor by amount is Gibraltar Private Bank ("Gibraltar") listed as a "personal guaranty" for 38 Renwick LLC in the sum of $1,000,000.00. In addition there is one other creditor known as Falkenberg Group, LLC ("Falkenberg") scheduled as a "promissory note 2008" in the sum of $78,440.72.

11.      The Trustee's investigations revealed that the Debtor's spouse and three children own Falkenberg Group, LLC which in turn owns and controls 38 Renwick, LLC.

12.      Aside from the scheduled debts of CCO, Gibraltar and Falkenberg the aggregate amount of general unsecured claims is $17,601.94.

13.      The claims register reflects a total of two (2) claims each filed by CCO and each in the amount of $923,667.21. No other proofs of claim have been filed in this case.

14.      The Trustee together with CCO have conducted extensive discovery in this case including depositions of both the Debtor and his wife. In addition the Trustee together with his accountants have conducted a forensic review and analysis of the Debtor's and his wife's financial affairs. In summary the Trustee believes that there may be cause to object to the Debtor's discharge but the trial would be fact intensive and very expensive with uncertain results.

15.     With respect to potential monetary recoveries under state law causes of action,

such claims appear to be speculative and not likely to result in substantial monetary recovery

principally due to potential statute of limitations defenses concerning certain transfers.

16.     Subsequent to the conclusion of discovery, CCO and the Debtor agreed that the

Debtor would seek dismissal of the case if CCO received a payment of $425,000.00, which is the

subject of the instant motion before this Court.

17.     To date, Gazes together with the Trustee have incurred hourly fees in the sum of

$30,086.50 reflecting an aggregate of approximately 51 hours of time, which includes estimated

time for attendance at the hearing on the Motion for one (1) hour, and expenses in the sum of

$1,604.63 which includes a expense for a court reporter in the sum of $1,222.05.  The Gazes fees

and expenses aggregate $31,691.13 (the "Gazes Fees"). A copy of Gazes' time records and

expenses are attached hereto as Exhibit "A".

18.      To date, Zucker has incurred fees and expenses in the respective amounts of

$20,478.50, representing 118 hours, and $110.84 (collectively the "Zucker Fees" and with the

Gazes Fees, the "Chapter 7 Fees"). A copy of Zucker's time records and expenses are attached

hereto as Exhibit "B".

### III.  ARGUMENT

Dismissal is Warranted under Sections 305(a) and 707(a)  of the Bankruptcy Code

19.     Bankruptcy Code section 305(a) provides in pertinent part:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or
> may suspend all proceedings in a case under this title, at any time if--
>    (1) the interests of creditors and the debtor would be better served by such
>    dismissal or suspension…

11 U.S.C. § 305(a)(1).

20.     Bankruptcy Code section 707(a) provides

4

(a) The court may dismiss a case under this chapter only after notice and a
hearing and only for cause…

11 U.S.C. § 707(a).

21.    Although "cause" is not defined in the Bankruptcy Code, where it is a debtor

seeking dismissal, as is the case here, courts must determine "whether dismissal would be in the

best interest of all parties in interest." *Smith v. Geltzer*, 507 F.3d 64, 72 (2d Cir. 2007) (quoting

*In re Dinova*, 212 B.R. 437, 442 (B.A.P. 2d Cir. 1997).  Thus, under both sections 305(a)(1) and

707(a), voluntary dismissal is appropriate when it will serve the best interests of the debtor and

its creditors. *Id*.

22.    Here, the Trustee believes the Debtor has demonstrated dismissal is in the best

interests of all parties concerned.

23.    As to CCO, the sole creditor to file a proof of claim, dismissal will allow it to

consummate its settlement with the Debtor and fully and finally resolve its claim.  In the absence

of dismissal, CCO would be forced to object to the discharge of the Debtor and/or the

dischargeability of its claim unless CCO[1] and/or the Trustee prevailed in a discharge action

against the Debtor.

24.    Moreover, in the absence of dismissal, it is unclear CCO will receive a

distribution equal or greater than the amount being paid to CCO under the settlement agreement.

To the extent that the interest of the non-filing general unsecured creditors must be considered,

dismissal precludes the possibility of those debts being discharged, an outcome that would not be

guaranteed if the request for dismissal is denied.

25.    As to the Debtor, if dismissal is granted, he will not receive a discharge.

However, in the absence of dismissal, the Debtor would likely find itself defending a discharge

---

[1] CCO also obtained extensions of time to file a discharge and/or dischargeability action.

5

action initiated by CCO and/or the Trustee.  Even if successful in defending such an action, the

Debtor would incur substantial legal fees.  Thus, dismissal will result in substantial benefits to

the not only the estates' creditors but to the Debtor himself.

<u>The Trustee does not oppose Dismissal Provided that Dismissal is Conditioned on Payment of
the Chapter 7 Fees</u>

26.     It is well established that the granting of a voluntary dismissal by a debtor under

subsection 707(a) of the Bankruptcy Code is conditioned on the debtor's payment of the fees and

expenses of the trustee's professionals. *See In re Gallman*, 6 B.R. 1, 2 (Bankr. N.D. Ga. 1980)

(order granting dismissal directed debtor to pay trustee's attorney's fees and expenses); *In re*

*Jackson*, 7 B.R. 616, 618 (Bankr. E.D. Tenn. 1980) ("[p]rior to dismissal…the debtor must

deposit with the trustee an amount sufficient to pay all fees, costs and expenses"); *In re Wolfe*, 12

B.R. 686, 687 (Bankr. S.D. Ohio 1981) (dismissal conditioned on debtor's payment of

administrative expenses).[2]

27.     Based on the foregoing, if the Court was inclined to grant the Motion, the Trustee

requests that such dismissal be conditioned on the Debtor's payment of Chapter 7 fees.

---

[2] Although the Trustee has been unable to find any reported decisions concerning the payment of administrative expenses prior to the granting of a dismissal under section 305, this appears to be the result of the relative paucity of case law concerning section 305.  There appears to be no discernible reason why dismissal conditioned on payment of administrative expenses would apply to one section and not the other since the rationale for requiring payment is not found in the text of section 707(a) itself.

**WHEREFORE**, the Trustee respectfully requests that should this Court grant the Motion

to dismiss such dismissal be conditioned upon the Debtor's payment of the Chapter 7 Fees as set

forth in Exhibits A and B attached.

Dated:  New York, New York
        January 18, 2012

                                GAZES LLC
                                Counsel to the Chapter 7 Trustee


                                By: ____/s/ Ian J. Gazes_____
                                       Ian J. Gazes
                                151 Hudson Street
                                New York, New York 10013
                                (212) 765-9000

7