RGZ LAW PLLC
R. Zachary Gelber
7 Dey Street, Suite 1002
New York, NY 10007
Phone: 212-227-4743
*Attorney for Creditor Clear Channel Outdoor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| In Re | : | |
| | : | Case No. 10-15322 (REG) |
| James Irvin Giddings, | : | |
| Debtor. | : | Chapter 7 |
| | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


**RESPONSE TO THE POSITION OF THE CHAPTER 7 TRUSTEE REGARDING
DEBTOR'S MOTION FOR AN ORDER DISMISSING THE DEBTOR'S CHAPTER 7
CASE**

TO:    THE HONORABLE ROBERT E. GERBER
         UNITED STATES COURT BANKRUPTCY JUDGE

**Preliminary Statement**

Creditor Clear Channel Outdoor ("Clear Channel"), Mr. Giddings' largest creditor and
the only party to have filed a claim in this case, writes for the limited purpose of opposing the
request of the Case Trustee, Ian Gazes (the "Trustee"), to condition the voluntary dismissal of
this action upon the payment of fees being claimed by his professionals.[1]  There is no relevant
legal authority supporting the Trustee's argument that voluntary dismissal should be conditioned

---

[1] The Trustee is claiming fees on behalf of his firm Gazes LLC, as attorneys to the Trustee, as well as his
accountants, Zucker & Associates, P.A.

upon the payment of his professional fees, especially where, as in this case, he did not administer

any assets.  In fact, as per the U.S. Trustee's Office, the payment of *any* fees to the Trustee or his

professionals is inappropriate in this and similar cases in which the Trustee has not administered

any assets. The Trustee's request, which is unsupported by law, threatens to further delay the

payment of Clear Channel, a long-standing creditor which has been pursuing payment owed

under a breached guarantee by Mr. Giddings for nearly five years, and should be rejected.  *See*

*Judgment*, Exhibit A.

## Discussion

1.       The Trustee fails to cite *any* authority to support the proposition that this Court

must, or even should, award the Trustee's professional's fees at all, much less that a voluntary

motion to dismiss should be conditioned on such payment.  As set forth further below, the

Trustee's claim that "[i]t is well established that the granting of a voluntary dismissal is

conditioned on the debtor's payment of fees and expenses of the trustee's professionals" is

without merit.  *See Position of Chapter 7 Trustee*, ¶26.

2.       The Bankruptcy Code makes clear that, far from being obligatory, "the decision to

award attorney's fees to the Trustee's counsel rests within the sole discretion of the Bankruptcy

Court."  I*n re Mitchell Edward DeGroof*, 2008 WL 4560088 (E.D.N.Y. 2008).  According to

Section 330 of the Bankruptcy Code, "the court *may* award to a Trustee…or a professional…(A)

reasonable compensation for actual, necessary services…."  The discretionary nature of the

Court's decision on whether to award such fees undermines the notion that they are an absolute

precondition to voluntary dismissal.

3.       Importantly, the U.S. Trustee opposes *any* payment for the Trustee and his

Professionals in cases such as this one, where the Trustee has not administered any assets.  In a

conversation with Nazar Khodorovsky, Trial Attorney in Region 2 of the U.S. Trustee's Office

this past Friday afternoon, January 20, 2012, he reported that the U.S. Trustee's Office is

opposed to the payment of any fees to the Trustee or his professionals in this case because the

Trustee has not administered any assets that would entitle him to such payment.  Accordingly,

the U.S. Trustee's Office unconditionally supports the Debtor's Motion to Dismiss, as indicated

in a filing by the Debtor's attorney on January 20, 2012.

4.      Regardless of whether the Trustee or his professionals should be compensated,

"[t]here is nothing in Section 707(a) that authorizes the Court to impose as a condition of

dismissal the payment to the Trustee of attorney fees."  *In re Kayla Marie Martinez-Held,* 2006

WL 2882494 (Bankr. S.D.Fl. 2006).  Nor, as acknowledged by the Trustee (*See Position of*

*Chapter 7 Trustee,* ¶26, FN 2), is there any support for the proposition that Section 305 of the

Bankruptcy Code requires that the Trustee's professional's fees be paid prior to dismissal.

5.      In fact, there is no relevant authority holding that voluntary dismissal should be

conditioned upon the payment of fees to professionals working for the Trustee.  In support of his

contention that the granting of a voluntary dismissal should be conditioned on the debtor's

payment of fees, the Trustee cites no Bankruptcy Rule or Section of the Code, and points to only

three cases, each of which is more than 30 years old, from another jurisdiction, and inapposite to

this matter.  Unlike this case, in each of the cases cited, work by the Trustee actually or

effectively resulted in the recovery of assets for the estate.  *See In re Gallman*, 6 B.R. 1 (Bank.

N.D.Ga 1980); *In re Jackson*, 7 B.R. 616 (Bankr. E.D. Tenn. 1980); *In re Wolfe*, 12 B.R. 686

(Bank. S.D. Ohio 1981).  By comparison, the Trustee in this case has not recovered any assets

for the estate, nor did he play any role in the settlement between Clear Channel and the debtor or

the voluntary motion to dismiss that resulted therefrom.

**Conclusion**

WHEREFORE, Clear Channel respectfully requests that the Court grant the Motion to Dismiss without condition.

Dated: New York, NY
            January 23, 2011

                                                    _/s/ R. Zachary Gelber_____

                                                    RGZ LAW PLLC
                                                    R. Zachary Gelber
                                                    7 Dey Street, Suite 1002
                                                    New York, NY 10007
                                                    Phone: 212-227-4743
                                                    *Attorney for Creditor Clear Channel*
                                                    *Outdoor*