1

**Gabriel Del Virginia, Esq. (GDV-4951)**         **Presentment Date: May 31, 2012**
**LAW OFFICES OF GABRIEL DEL VIRGINIA**           **Presentment Time: 12:00 p.m.**
 *Attorneys for the Debtor.*
488 Madison Avenue-19th Floor,
New York, New York 10022.
Telephone: 212-371-5478
Facsimile: 212-371-0460
gabriel.delvirginia@verizon.net

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------X
In re
                                                Chapter 7
James Irvin Giddings,

        Debtor.                          Case No. 10-15322-reg

---------------------------------X

**MOTION AND INCORPORATED LEGAL MEMORANDUM OF THE DEBTOR, FOR
STIPULATION AND ORDER APPROVING COMPROMISE BETWEEN
DEBTOR, THE CHAPTER 7 TRUSTEE, GAZES LLC, ZUCKER & ASSOCIATES,
P.A. AND CLEAR CHANNEL OUTDOOR INC.**

**TO HONORABLE ROBERT E. GERBER,**
**UNITED STATES BANKRUPTCY JUDGE:**

James Irvin Giddings, the above-captioned debtor (the "Debtor"), by his undersigned counsel, the Law Offices of Gabriel Del Virginia hereby submits this motion (the "Motion") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section 105(a) of Title 11 of the United States Code (as amended, the "Bankruptcy Code") for entry of the annexed Stipulations ("Stipulations"), approving the settlements between the (i)Debtor, and (ii) Clear Channel Outdoor Inc. ("CCO"), and (iii) Ian Gazes, the Chapter 7 Trustee("Gazes") and his

2

professionals (the Trustee and his professionals[1] collectively "Gazes Parties"); and respectfully sets forth and represents as follows:

### BACKGROUND.

1. The Debtor filed the above-captioned Chapter 7 petition (the "Petition") on October 12, 2010.

2. The Debtor is the president of Go Outdoor Media Corporation, Go Outdoor Media, LLC (collectively, "Go"). The Debtor is Go's president.

3. In 2009, CCO instituted a lawsuit ("State Court Action") against the Debtor and Go in the Supreme Court for the State of New York ("State Court").

4. On June 11, 2010, the State Court awarded CCO the sum of $896,246.20 (the "Judgment"), plus 9% per annum interest until the date of payment. State Court Decision attached as Exhibit A.

5. The Bar Date for the filing of proofs of claims has long passed and CCO, which filed proof of claim #1(the "CCO Claim") in the case in the amount of $923,667.21, is the only creditor to have filed a proof of claim.

6. Prior to this Motion, the Debtor, CCO and the Trustee entered into a series of stipulations "so ordered" by this Court extending the Trustee's and CCO's time to object to the Debtors discharge and the dischargeability of CCO debt.

7. CCO and the Trustee conducted extensive pre-trial discovery including depositions of the Debtor and his wife and

3

believe that this is not a "no asset case". The Trustee and CCO believe that a significant portion of the assets held in the Debtor's wife's name, either individually or through various corporations and trusts, constitute estate property and such assets are recoverable under applicable state law.

8. CCO and the Trustee engaged in extensive negotiations with the Debtor. Originally, the Debtor, CCO and the Trustee signed a stipulation of dismissal, but that agreement was rejected by the United States Trustee. Subsequently, the Debtor and CCO agreed to a structured dismissal of the case (the "Dismissal Motion")and objected to the payment of the estate chapter 7 fees and expenses. After a hearing on that Dismissal Motion, the parties agreed that the case should not be dismissed, but rather, a fund should be set up to pay the estate's chapter 7 fees, commissions and expenses and the case would be administered as an ordinary chapter 7 case with assets, with CCO being paid a distribution of $415,000, as set forth in the Stipulation of Settlement annexed hereto.

9. The parties are asking that the Court approve the attached proposed settlement agreement ("Stipulation of Settlement") resolving all claims that each of the parties may have against the other. (Proposed Settlement attached as Exhibit A.)

---

[1] Gazes LLC, counsel for Gazes, and Zucker & Associates, accountants for Gazes.

4

**STIPULATION OF SETTLEMENT BETWEEN, CCO, AND GAZES PARTIES[2]**

10.  Pursuant to, and as set forth in, the Stipulation of Settlement, the Debtor through third parties on behalf of the Debtor shall wire Four Hundred and Seventy Seven Thousand Seven Hundred and five U.S. Dollars ($477,704.43) (the "Settlement Amount") to the Trustee to be deposited in the estate account.

11.  CCO shall have an allowed general unsecured pre-petition claim in the amount of Four Hundred Fifteen Thousand U.S. Dollars ($415,000.00) (the "CCO Settlement Amount"; provided however, that CCO's agreement to accept the CCO Settlement Amount, rather than its full CCO Claim in the amount of $923,667.21, is explicitly conditioned as set forth in provision 12 herein.

12.  Notwithstanding anything herein to the contrary, in the event that the stipulation is not approved by the Bankruptcy Court and/or CCO does not receive the full CCO Settlement Amount of $415,000, the Stipulation shall be deemed null and void, CCO shall retain all rights to pursue the full value of its filed claim of $923,667.21, and CCO and the Trustee shall retain their rights to object to discharge and dischargeability and to file any claims either one may have in this Bankruptcy Action or any other matter. The Trustee and Debtor agree to waive with prejudice their right, if any, to object to the CCO Settlement Amount.  The date upon which it receives the CCO Settlement Amount shall be the Effective Date

---

[2] For more detailed information regarding its contents, interested parties should consult the Stipulation of Settlement attached hereto.

13. The Chapter 7 fees of Gazes Parties, including all fees, expenses and trustee commissions, and all other forms of reimbursement or remuneration, are capped at Sixty Two Thousand Seven Hundred and five U.S. Dollars ($62,705)(collectively the "Gazes Parties Fees").

14. CCO and the Debtor waive with prejudice the right if any to object to the Gazes Parties Fees including reasonableness of the Gazes Parties Fees.

### LEGAL POINTS IN SUPPORT OF THE INSTANT MOTION.

15. When deciding whether to approve a proposed settlement, a bankruptcy court must determine whether the proposal is "fair and equitable" and "in the best interests of the estate." *In re Liu*, 166 F.3d 1200 (2d Cir. 1998); *In re Texaco*, 84 B.R. 893, 902 (Bankr. D.D.N.Y. 1988); *In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y 1984), *aff'd* 50 B.R. 764 (S.D.N.Y. 1985)(court should approve proposed settlement where it is in the bounds of reasonableness).

16. "It is axiomatic that compromises are favored in bankruptcy." *In re Remsen Partners, Ltd.*, 294 B.R. 557, 564 (Bankr. S.D.N.Y. 2003). Indeed, it "is the rare case in which [a] court cannot approve a proposed compromise." *Id.* at 571.

17. A court need not conduct an investigation to determine the reasonableness of a settlement. *In re International Distribution*

*Centers, Inc.*, 103 B.R. 420, 422-23 (S.D.N.Y. 1989)(affirming bankruptcy court's confirmation of proposed settlement on ground that settlement met or exceeded lowest standard of reasonableness); *In re Best Products Co., Inc.*, 168 B.R. 35, 50-51 (Bankr. S.D.N.Y. 1994) *appeal dismissed*, 177 B.R. 791 (S.D.N.Y 1995), *aff'd*, 69 F.3d 26 (2d Cir. 1995). "The settlement need not be the best that the debtor could have obtained," *id.* at 159, instead, the settlement should be approved unless it falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1983).

18. In determining whether a settlement is within the range of reasonableness, courts should "canvass the issues," *id.*, to consider factors such as (a) the probability of success in litigation, with due consideration for the uncertainty in fact and law, compared to the benefits offered by the settlement; (b) the difficulties that may be encountered in collection, (c) the prospect of complex and protracted litigation if settlement is not approved; and (d) the interest of the creditors of the estate. *See TMT Trailer Ferry v. Anderson*, 380 U.S. 414, 424-25 (1968); *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994); *In re Cellular Information Systems, Inc.*, 171 B.R. 926, 948 (Bankr. S.D.N.Y. 1994).

**REASONABLENESS OF THE STIPULATION.**

19. As demonstrated the Stipulation of Settlement was the result of negotiations between CCO, the Gazes Parties and the

6

Debtor. The Stipulation of Settlement resolved what would likely have been extensive and uncertain litigation involving CCO, the Trustee and Debtor regarding complex issues concerning the recovery of the wife's assets for the benefit of the Chapter 7 estate.

20. The Stipulation of Settlement will resolve all of the claims in this case and CCO, the sole pre petition creditor, will be the beneficiary of the results gained by this settlement and seeks approval hereof.

21. Given the benefit to be realized by the Debtor, and the cost, delay and uncertainty attendant to the litigation of this matter, the Debtor respectfully submits that the settlement embodied in the Stipulation is reasonable.

8

**NOTICE.**

22.  This Motion, the Notice of Hearing, and the Stipulation (attached as Exhibit "A") are being served upon the Office of the United States Trustee, the Gazes Parties, and CCO, and the Notice of Hearing is being served upon all scheduled creditors and interested parties.

**Respectfully submitted,**

Dated:    May 6, 2012
          New York, New York

**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Attorneys for the Debtor.*

By/s/__*Gabriel Del Virginia*_____
Gabriel Del Virginia (GD-4951)
488 Madison Avenue-19th Floor,
New York, New York 10022.
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

Dated: Boca Raton, Florida
       November 30, 2011

Zucker & Associates, P.A.
Accountants for the Chapter 7 Trustee

_____
    Robert W. Zucker
    N. Military Trail
    Boca Raton, Florida 33431
    (561) 392-5779

Dated:    November 30, 2011
          New York, New York

                        GAZES LLC
                        Attorneys for the Chapter 7 Trustee


                   By:  /s/_____
                        Ian J. Gazes
                        32 Avenue of the Americas, 27th Floor
                        New York, New York 10013
                        (212) 765-9000


                        CLEAR CHANNEL OUTDOOR, INC.

                        _____
                        By:

                        JAMES IRVIN GIDDINGS IV

                        _____
                        By:

                        GO OUTDOOR MEDIA CORP.

                        _____

10

By: